IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARTIN MUNOZ, #1594-22, | § § § § § § § § § § § | |
| Plaintiff, | | |
| V. | | No. 3:22-cv-2411-B-BN |
| RED OAK POLICE DEPARTMENT, | | |
| Defendant. | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Martin Munoz, an inmate at the Ellis County jail, filed a *pro se* complaint in which he alleges that Red Oak police officers violated his constitutional rights. *See* Dkt. No. 3.

United States District Judge Jane J. Boyle referred the complaint to the undersigned United States magistrate judge for screening under 28 U.S.C. § 636(b) and a standing order of reference.

The Court granted Munoz's motion for leave to proceed *in forma pauperis* under the Prison Litigation Reform Act (the PLRA), *see* Dkt. Nos. 4, 5, a statute requiring that, where a prisoner (whether incarcerated or detained pending trial) seeks relief from a governmental entity or employee, a district court must, on initial screening, identify cognizable claims or dismiss the complaint, or any portion of the complaint, that "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief," 28 U.S.C. § 1915A(b).

Under this obligation, the Court issued a screening questionnaire. *See* Dkt. No. 6. And Munoz submitted verified answers, *see* Dkt. No. 7, thereby amending his allegations, *see Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998) (noting that "responses to [a court's questionnaire] become part of the plaintiff's pleadings" (citation omitted)).

After reviewing the allegations as amended, the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss the complaint as amended with prejudice under 28 U.S.C. § 1915A and count the dismissal of this lawsuit as a strike under 28 U.S.C. § 1915(g).

**Discussion**

Although Munoz names a police department as the sole defendant, he alleges that he is seeking "compensation" because, when he was arrested on June 16, 2021, officers "deliberately elicited" from him "an incriminating response" and thereby "violated [his] right to counsel" under the Sixth Amendment. Dkt. No. 3 at 4; *see id.* at 3 ("Deliberate Elicitation 'Massiah rule' 6th Amendment violation"). And, in response to the Court's interrogatory asking whether he is "facing criminal charges based on the June 16, 2021 arrest involving police officers that also is the basis for your current civil allegations," Munoz answered "yes"; that he is "currently awaiting trial" on drug possession charges. Dkt. No. 7 at 1; *see also id.* at 2-4.

To start, Munoz's filing this civil lawsuit for damages under 42 U.S.C. § 1983 based on the same facts underlying a pending criminal prosecution implicates *Younger v. Harris*, 401 U.S. 37 (1971).

That is, while Section 1983 "is an express authorization from Congress permitting federal courts to enjoin state proceedings in order to protect federal rights," *Gates v. Strain*, 885 F.3d 874, 880 (5th Cir. 2018) (citing *Mitchum v. Foster*, 407 U.S. 225, 242-43 (1972)), this provision of federal law "does not 'qualify in any way the principles of equity, comity, and federalism that must restrain a federal court when asked to enjoin a state court proceeding,'" *id.* (quoting *Mitchum*, 407 U.S. at 243; citing *Younger*, 401 U.S. at 43-47).

So, under *Younger*, a federal court should generally abstain from exercising its jurisdiction where to do so would result in the interference in certain, select state proceedings, chiefly ongoing state criminal proceedings.

But *Younger* abstention "applies only where there is 'no question that [a complaint] allege[s] injuries under federal law sufficient to justify the District Court's retention of jurisdiction.'" *Boyd v. Farrin*, 575 F. App'x 517, 519-20 (5th Cir. 2014) (per curiam) (quoting *Deakins v. Monaghan*, 484 U.S. 193, 204 (1988); citing *Marts v. Hines*, 68 F.3d 134, 135 & n.5 (5th Cir. 1995); citation omitted). And the United States Court of Appeals for the Fifth Circuit has "interpreted this limitation to mean that a stay is not required where the district court determines that the claim for damages is frivolous under 28 U.S.C. § 1915." *Id.* at 520 (collecting cases).

Such is the case here, as Munoz's Sixth Amendment claim is frivolous. The Sixth Amendment right to counsel is violated when the government "use[s] against [a criminal defendant] at his trial evidence of his own incriminating words, which [law enforcement officers] ... deliberately elicited from him after he had been indicted

and in the absence of his counsel.'" *United States v. Bates*, 850 F.3d 807, 810 (5th Cir. 2017) (quoting *Massiah v. United States*, 377 U.S. 201, 206 (1964)).

So, "[t]o allege a *Massiah* violation, a criminal defendant must establish" first that "a Sixth Amendment right to counsel had attached." *Id.* (citing *Henderson v. Quarterman*, 460 F.3d 654, 664 (5th Cir. 2006)). But, unlike "the Fifth Amendment right against self-incrimination," which "must be respected from the moment it is asserted," "[t]he Sixth Amendment right to counsel … does not attach until the initiation of an adversary judicial process in respect to a specific crime." *Arrington v. Cnty. of Dall.*, 970 F.3d 1441, 1445 & n.2 (5th Cir. 1992) (citing *McNeil v. Wisconsin*, 501 U.S. 171 (1991); citations omitted).

In sum, because Munoz does not allege facts from which the Court may infer that the Sixth Amendment had attached when police, at the time of Munoz's arrest, allegedly "deliberately elicited" from him "an incriminating response," the Court should dismiss the complaint as amended with prejudice for Munoz's failure to state a claim upon which relief may be granted. *See, e.g., Flowers v. City of Harlingen*, Civ. A. No. B-04-085, 2005 WL 8167150, at *4 (S.D. Tex. May 23, 2005) ("Though it is not at all clear from the pleadings, it is possible that Plaintiff intended to argue that the Supreme Court's extension of the right to counsel in *Messiah* applied to his case. This interpretation of the Sixth Amendment would only be appropriate if HPD had continued to question Plaintiff after he was indicted and attempted to use any statements they may have procured from him to gain a conviction at trial. Plaintiff does not make such an allegation. He only claims that he was interrogated by police

officers without benefit of an attorney after being arrested. He does not allege that this interrogation took place after criminal charges were filed nor that the information gleaned from the questioning affected his subsequent conviction in state court for making a terroristic threat. Because the Sixth Amendment right to counsel does not attach until the initiation of an adversary judicial process in respect to a specific crime, Plaintiff has not pleaded sufficient facts to overcome Defendants qualified immunity defense. As such, this claim is also ripe for 28 U.S.C. § 1915(e)(2)(B)(iii) dismissal." (citations omitted)), *rec. adopted*, 2005 WL 8167153 (S.D. Tex. July 6, 2005).

## Recommendation

The Court should dismiss the complaint as amended with prejudice under 28 U.S.C. § 1915A and count the dismissal of this lawsuit as a strike under 28 U.S.C. § 1915(g).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure

to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: December 28, 2022

                                                        _____
                                                        DAVID L. HORAN
                                                        UNITED STATES MAGISTRATE JUDGE